Argued July 21, modified September 8, 1914.

## DAVIS v. HALL.*

(143 Pac. 893.)

**Sheriffs and Constables—Liabilities on Bonds—Pleading.**

1. Where the bond of a constable is conditioned upon his faithfully executing and returning all process and paying over according to law all money that shall come into his hands by virtue of his office, there can be no recovery on the bond where it is not alleged that any process was directed or delivered to the constable, or that he had in his possession any such a paper, or any money, either officially or privately, or that plaintiff suffered damage because the constable failed to return a writ, if he had one, or that she was a party to or interested in any action in which the process might have been issued.

[As to what constitute breaches of bonds of sheriffs and constables, see note in 46 Am. Dec. 509.]

**Sheriffs and Constables—Liabilities of Bonds—Pleading.**

2. A complaint alleging that a constable, without exhibiting or serving any process, took chattels from the plaintiff, and, while she was endeavoring to protect her right therein, assaulted and maltreated her, and failed to execute and return the process to him directed in the replevin of the chattels, does not show a liability of the sureties on the constable's bond conditioned only that he should execute and return all process and pay over according to law all money coming into his hands by virtue of his office.

From Multnomah: JOHN P. KAVANAUGH, Judge.

———————

*As to the liability of sureties on constable's bond for assault in serving or executing civil writ of process, see note in 6 L. R. A. (N. S.) 1223.                    REPORTER.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by Edith Davis against John Hall, constable for Lents district, and A. A. Hall and O. E. Hall, sureties on his bond.

It is alleged in the complaint and admitted by the answer that the defendant John Hall is the constable of Lents justice district in Multnomah County.   In substance, the plaintiff alleges that John Hall, acting and claiming to act as constable on a date named, came to her premises, was admitted, and demanded of her possession of certain personal property theretofore belonging to a third party, all without exhibiting or serving upon her any writ of replevin or other process authorizing him to take the chattels, and, on her refusal to surrender them, took them from her possession.   The complaint then alleges:

"That while the said plaintiff was endeavoring to protect her rights and interests in the trunks, luggage and other chattels, on which she claimed a lien, the said defendant John Hall assaulted and maltreated the said plaintiff, and willfully and maliciously bruised and wounded her, to her damage in the sum of $1,000; that the defendants A. A. Hall and O. E. Hall are sureties on the official bond of the defendant John Hall, as constable in and for the Lents justice district in Multnomah County, Oregon, and that a certified copy of the said bond is hereto attached and marked Exhibit 'A' of plaintiff's complaint, and by this reference made a part of this complaint; that the said defendant John Hall willfully and maliciously failed and neglected to faithfully execute and return the process to him directed in the replevin of the trunks, luggage and other chattels mentioned herein, and broke the obligation of his bond with reference to the faithful execution and return of the process, of all processes to him directed, and that the said defendants A. A. Hall and O. E. Hall, as such sureties on the within mentioned bond, are liable for the said breach and nonperformance."

The official undertaking upon which the plaintiff relies, a copy of which is appended to and made part of her complaint, reads thus:

"Bond of John Hall.

"Whereas, John Hall has been duly appointed constable in and for the Lents justice district, in the county of Multnomah, on the 6th day of January, 1911, we, A. A. Hall and O. E. Hall, hereby undertake that if the said John Hall shall not faithfully execute and return all process to him directed and delivered and pay over according to law all money that shall come into his hands by virtue of his office, then we, or either of us, will pay to the State of Oregon one thousand dollars.

"[Signed]   A. A. Hall.
"O. E. Hall."

John Hall demurred to the complaint on the ground, as stated, that the plaintiff "has improperly joined actions sounding in tort and contract." The sureties on the undertaking filed a general demurrer to the complaint. The court overruled all the demurrers, and, except as to the official character of the defendant John Hall, the defendants denied all the allegations of the complaint. Upon the issues thus framed the cause was tried by the court without a jury, with the result that a judgment was rendered against all the defendants for $100 and costs, from which they appeal.

Modified.

For appellants there was a brief over the name of *Messrs. Powers & Lord,* with an oral argument by *Mr. William P. Lord.*

For respondent there was a brief over the name of *Messrs. Parkinson & Yanckwich,* with an oral argument by *Mr. Harry Yanckwich.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is not alleged that any process was directed or delivered to the constable, or that he had in his possession any such a paper or any money either officially or privately. Conceding that he had a writ, it is not apparent how the plaintiff could have suffered damage because the officer did not return it. It is not stated that she was a party to, or in any wise interested in, the action, if any there were, in which such process might have been issued. To recover anything on the bond of the constable the plaintiff must allege and prove a breach of the terms of that instrument, and that she suffered damages on account thereof.

2. Further, it is not nominated in the bond that the sureties have underwritten the fisticuffs of their principal, and, as their obligation is strictly construed, there was no cause of action stated against them. It was error to overrule their demurrer to the complaint, or to render any judgment against them. Not so, however, as to the defendant John Hall. Stripped of its verbiage about his official character, the lack of service of process, and the like, which may be rejected as surplusage, there remains in the complaint enough to sustain a civil action for assault and battery, and the consequent judgment.

The judgment is reversed as to the sureties, A. A. Hall and O. E. Hall, and affirmed as to John Hall.

MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.